In the Matter of the Application of MAX HOROWITZ, Respondent, for a Peremptory Mandamus Order against HARRY STONE, as President of the Berdichever Independent Benevolent Association, Appellant, Impleaded with MAX POLLACK, as Secretary of the Berdichever Independent Benevolent Association, Defendant.

Second Department, January 29, 1932.

*Mark Henry Schneider*, for the appellant.

*Charles Solodkin [William Shimkin* with him on the brief], for the respondent.

PER CURIAM. The petitioner has obtained a peremptory mandamus order compelling the officers of the Berdichever Independent Benevolent Association to accept his dues as a member, and the association is commanded not to expel him for the non-payment of the same. He claims certain vested rights and interests incident to his membership and alleges that the officers unjustly, in bad faith and without cause, refused to accept his quarterly dues, thereby exposing him to the danger of being expelled for the non-payment thereof.

It appears in the answering affidavits of the association that the petitioner had already been expelled for cause, and was, therefore, not a member and not entitled to pay dues. The regularity of the expulsion proceedings was then challenged by the petitioner, and the record is not sufficiently complete to indicate whether there was a prescribed method for the preferring and trial of charges, or that the proper procedure was followed, or whether the petitioner waived the irregularities therein. There are presented, therefore, disputed questions of fact, not only as to whether charges were

made and properly heard and determined and as to waiver of irregularity, if any, but also whether at a subsequent meeting of the association the report of the grievance committee was made, discussed and acted upon. It was error to determine as a matter of law that the petitioner was entitled to the peremptory order granted.

The peremptory mandamus order should be modified so as to provide for an alternative mandamus order, and as so modified affirmed as a matter of law and not in the exercise of discretion, without costs to either party on this appeal. The matter is remitted to the Special Term, where the parties may proceed as they are advised.

Present — LAZANSKY, P. J., YOUNG, SCUDDER, TOMPKINS and DAVIS, JJ.

Peremptory mandamus order modified so as to provide for an alternative mandamus order, and as so modified unanimously affirmed as a matter of law and not in the exercise of discretion, without costs to either party on this appeal. The matter is remitted to the Special Term, where the parties may proceed as they are advised.